E. B. WILLIAMSON ET AL. v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

Decided June 3, 1905.

**1.—Railroads—Bridge Abutment Attracting Children—Implied Invitation.**

Railroad bridge abutments are so common, and in such general use in the operation of railroads, that, when erected on the right of way, they can not be said to furnish any evidence of an invitation to the public or children to go upon them, although they may be calculated to attract.

**2.—Same—Stone Abutments with Steps—Crossing.**

Where the slope of railroad abutment, built of stone, was constructed with recess steps, it did not, in the absence of evidence that this is not the usual and

ordinary way of constructing the same, show an invitation, express or implied, to make use of the steps as a stairway and for crossing the track there.

**3.—Same—License for Crossing.**

The fact that there was a well-beaten path over the right of way connecting with the abutment, which was used by the public in crossing the railroad at that point, did not, in the absence of evidence of such use as would amount to a license, show permission by the railway company for the use of its right of way for a crossing there, nor did the failure to extend its right-of-way fence there, so as to include the abutment, show an intention to make a crossing of the abutment.

**4.—Same—Child as Trespasser.**

Plaintiff's son being a trespasser, and not a licensee, in going upon the abutment, from which he fell, defendant owed him no duty except to avoid wilfully injuring him.

Error from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*Morris & Crow,* for plaintiffs in error.—A corporation is liable for damages for placing dangerous or attractive machinery or structures, alluring to children, on its premises, near a public place, with no protection from danger, and thus giving express or implied invitation to the public to use same. Evansich v. Santa Fe Ry. Co., 57 Texas, 126; Railway Co. v. Stout, 17 Wall., 657; Houston & T. C. Ry. v. Simpson, 60 Texas, 103; Missouri, K. & T. Ry. v. Edwards, 90 Texas, 65; San Antonio & A. P. Ry. v. Morgan, 58 S. W. Rep., 544; San Antonio & A. P. Ry. v. Morgan, 92 Texas, 98-103; Santa Fe Ry. Co. v. McWhirter, 77 Texas, 356; San Antonio & A. P. Ry. v. Skidmore, 65 S. W. Rep., 215; Ollis v. Houston, E. & W. T. Ry., 73 S. W. Rep., 30; Aver v. Missouri, K. & T. Ry., 73 S. W. Rep., 535; Harper v. Kopp, 73 S. W. Rep., 1127; St. Louis S. W. Ry. v. Shiflet, 94 Texas, 131-139; Dublin Cotton Oil Co. v. Jarrard, 91 Texas, 189.

*Alexander & Thompson,* for defendant in error.—The court properly sustained the general demurrer to plaintiffs' petition, because no case was stated therein fixing any liability upon defendant in error. Dobbins v. Missouri, K. & T. Ry. Co., 91 Texas, 60, 41 S. W. Rep., 62, and authorities cited; St. Louis S. W. Ry. Co. v. Shiflet, 11 Texas Ct. Rep., 490.

BOOKHOUT, ASSOCIATE JUSTICE.—This is an action for damages brought by plaintiffs in error against defendant in error for causing the death of plaintiffs' minor son. The trial court sustained a general demurrer to the first amended petition of plaintiffs, and they declining to amend; the court dismissed the suit, rendering judgment for defendant, and from this action plaintiffs prosecute this writ of error.

The petition alleged that defendant owns and operates a railroad in Dallas County which runs through the city of Dallas and city of Oak Cliff, and on or about July —, 1900, constructed a bridge on its right of way across Cedar Creek in Oak Cliff, in a thickly settled and populous part of said city, near and north of the paper mill. That the abutments to said bridge are about thirty feet high above the creek, built

of square or oblong stones, and so constructed as to form stone steps leading up each side from the outer edge of the base of the dump up to the track of said railway, forming a most attractive, beautiful and fascinating stairway leading up the embankment, overlooking the sparkling stream below as an overhanging precipice, and looking across said railroad, forming a most attractive and inviting footpath and roadway for pedestrians to cross the railroad at said point, whereby an invitation direct and implied was extended by defendant to the public and the child mentioned to use said stairway as a crossing of said railroad at said point.

That, at the time the child was injured, there was a well-beaten path across defendant's roadway at said point, used by the public, and connected with said stairway leading over said railroad dump; that the fence extends along the right of way of defendant to said stairway, but not across same, leaving negligently an open way, and invitation by defendant to the public and the said child to use said stairway, and it was so used by the public at the time said child was injured. That on the precipice side of said stairway there was no railing or obstruction whatever to prevent a person crossing from falling overboard, and the same was negligently omitted, and any one crossing said stairway who might lose his balance was sure to fall on the hard rocks and gravel at the bed of the stream underneath same, which at the highest point of the stairway was about thirty feet high. That said stairway was fascinating and dangerous, and was, on the route along the railroad bed and down said stairway along a path, in common use by the public leading to South Oak Cliff, known as Thomas's Hill, and to a pond to which people commonly resorted for the purpose of catching fish. That all of said facts were known to the defendant, or, by reasonable diligence, could have been known to it, and it negligently and knowingly constructed and so maintained said stairway as an open unobstructed way across its right of way, knowing it was in use by the public, and that it was attractive and dangerous, and without any notice to the public of its dangerous nature and character, whereby there was a direct and implied invitation to use said stairway and an intention to injure those who might use it. That on June 6, 1902, George Dewey Williamson, son of plaintiffs, four years of age, on said direct or implied invitation of defendant, was attempting to walk down said stone steps of said abutments, when he lost his balance and fell a distance of about twenty-five feet on the dry stone bottom of the bank of said creek, and received injuries from the effects of which he died in about eight hours. That he was attracted to said stone steps by the direct or implied invitation of defendant and his childish inclination to walk or play thereon, and while going on the path from the railroad down said stairway to a fish pond beyond. That the dangerous nature of said steps rendered them attractive, but a dangerous place for children, and this fact was, or ought to have been, known by defendant. That at the time, and before said injury, plaintiffs were new comers in said neighborhood, and had no knowledge whatever of said steps, and did not know of their attractive or dangerous condition. That said bridge is located near a large number of residences, and the children from that locality frequently go there to play and walk over said steps, and there was then no

notice posted warning against trespassing on said premises. That said child, being of tender years, was not guilty of negligence in going on said steps, and it was accompanied by a brother eleven years old and a sister nine years old, all going fishing, and these children were of tender years, and not of sufficient discretion to know the danger of going down said steps, and were not guilty of negligence in allowing said injured child to go on same, and plaintiffs had no knowledge whatever of said piers, or that their children would go down same on their way to said fish pond, and were not guilty of negligence in allowing same. Plaintiffs claim damages in the sum of $20,000.

The question presented is, did the court err in sustaining a general demurrer to the petition? The material allegations of the petition are, in substance, that defendant's railroad on each side of Cedar Creek in Oak Cliff is built on a dump, and that in constructing a bridge over said creek the defendant erected abutments of stone, so laid as to form stone steps leading from the base of the dump up to the railway track on each side; that from the top of the abutments to the bed of the creek is about thirty feet. That there was a well-beaten path across defendant's railway at said point, used by the public, and connecting with said stairway leading over said dump, and that these steps formed "a most attractive, beautiful and fascinating stairway leading up the embankment, overlooking the sparkling stream below as an overhanging precipice, and looking across said railroad, forming a most attractive and inviting footpath and roadway for pedestrians to cross the railroad at said point, whereby an invitation, direct and implied, was extended by defendant to the public and the child mentioned to use said stairway as a crossing of said railroad at said point."

It was further alleged that there was a fence extending along the right of way of defendant to said stairway, but that it did not extend across the same, and that this was an invitation to the public and to plaintiffs' child to use said stairway. It was shown that there was no railing or other obstruction on the precipice side of said abutments to prevent a person from falling over the same.

The petition did not show that this abutment was constructed in any manner different from the ordinary railroad bridge abutment where the track is built on a dump, or that this bridge abutment is not the same as the usual bridge abutments of all railroads. The abutment was on the defendant's right of way.

Are these facts sufficient to show an invitation to the public and to the plaintiffs' child to go upon or cross over this bridge abutment? The rule established in this State is that, where the owner maintains upon his premises something which, on account of its nature and surroundings, is especially and unusually calculated to attract, and does attract, another, the court or jury may infer that he intended it as an invitation to the public to enter upon such premises. But where the owner makes such use of his property as others ordinarily do throughout the country, there is not, in legal contemplation, any evidence from which a court or jury may find that he had invited the party injured thereon, though it be conceded that his property, or something thereon, was calculated to and did attract. (Railway Co. v. Morgan, 92 Texas, 98.)

The fact that the slope of the abutment was constructed with recess steps, in the absence of evidence that this is not the usual and ordinary way of constructing the same, does not show an invitation, express or implied, to make use of the steps as a stairway. Railway bridge abutments, whether constructed on a grade or on a dump, are so common, and in such general use in the operation of railroads, that, when erected on the railway right of way, they can not be said to furnish any evidence of an invitation to the public or children to go upon the same. (Railway Co. v. Edwards, 90 Texas, 65; Dobbins v. Railway, 91 Texas, 60.)

The facts alleged do not show an implied invitation to plaintiffs' child to go upon said bridge abutment.

Again, it is insisted that there was a well-beaten path over the right of way connecting with said abutment, which was used by the public in crossing the railroad at said point. No such use of this pathway by the public was shown as would justify the conclusion that a person crossing the track over such pathway was a licensee. No express or implied permission on the part of the railroad company for the use of its right of way for a crossing was shown. (Railway Co. v. Shiflet, 11 Texas Ct. Rep., 490, 83 S. W. 677.) The failure to extend the right of way fence so as to include the abutment to the bridge did not show an intention to make a crossing of the bridge abutment. The fact that no railing was placed on the precipice side of the abutment would tend to negative such a conclusion.

Plaintiffs in error's child not being a licensee, but a trespasser, in entering upon the bridge abutment, the defendant in error only owed him the duty to avoid wilfully inflicting injury to him. We conclude that the demurrer to the petition was properly sustained, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.