530

## DERRIN v. UNITED STATES.
### No. 240.

District Court, D. Oregon.
Oct. 27, 1941.

Allan A. Bynon, of Portland, Or., for plaintiff.

C. Laird McKenna, Jr., Asst. U. S. Atty., of Portland, Or., and Francis J. McGan, Atty. Dept. of Justice, of Butte, Mont., for defendant.

JAMES ALGER FEE, District Judge.

Harold Goodrich Derrin brought an action on a policy of War Risk Insurance which he had permitted to lapse for nonpayment of premiums in 1919, on the ground that he was then permanently and totally disabled. Issue was joined and in May, 1933, there was trial by jury in which verdict was rendered for plaintiff. The chief disability claimed was tuberculosis. The court upon review of the record found that such disability, if it had inception before the lapse of the policy in 1919, was then in an incipient stage and concluded that a verdict should have been directed. On motion by the government for a new trial, the court set aside the judgment on November 6, 1933. The veteran had meantime died of tuberculosis. No move was made to substitute a plaintiff, and on September 17, 1936, the defendant moved to dismiss the action. This motion was not argued for some considerable time and finally, on June 14, 1937, it was denied by the court. No action was taken until July 26, 1938, when plaintiff moved for leave to file an amended complaint, substituting Helen Hevenor Derrin, personally and as executrix of the estate of Harold Goodrich Derrin, deceased, as plaintiff. October 8, 1938, the defendant moved to take the case out from under the operation of the Rules of Civil Procedure, which had gone into effect September 16, 1938. On November 25, 1938, the court denied the motion to file an amended complaint. The court did not expressly pass upon defendant's motion to take the cause out of the operation of the Rules of Civil Procedure. Thereupon, on motion of the government and upon the same day, the court entered an order dismissing the action upon the express ground "that the plaintiff failed to revive said action within the time permitted

by law". The court orally expressed the desire not to prevent plaintiff from filing under the saving clause contained in 38 U.S.C.A. § 445, if any such right existed, but this proviso was not incorporated in the final entry. Thereafter, on November 21, 1939, and within a year after the judgment of dismissal in the former case, Helen Hevenor Derrin, personally and as executrix of the estate of Harold Goodrich Derrin, deceased, filed the present action.

The question arises as to whether the present action has been filed within the time provided by 38 U.S.C.A. § 445. It is conceded that it was not filed in time, unless it falls within the saving clause, which reads as follows: "If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed."

■ Since the court did not grant the government's motion to remove the former case from the operation of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the proceedings were subject, thereto by force of Rule 86. The question is whether the dismissal of the former action was a judgment "not affecting the merits". Rule 41(b) provides as to the involuntary dismissal in part, "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits".

■ The court did not otherwise specify in its order for dismissal and, therefore, by force of the rule, the dismissal operated as an adjudication upon the merits. The case of Dumas v. United States, 10 Cir., 103 F.2d 676, and two other cases included in the same opinion are in a different situation. In none of these was the dismissal covered by Rule 41(b). The judgment in the instant case was, then, a judgment on the merits.

■ However, there were other reasons why the judgment should be given this effect. Under the decisions of the Supreme Court of the United States, failure to press claim for War Risk Insurance for a long period of time has been considered a circumstance of great weight in determining validity. Derrin allowed his policy

to lapse in June, 1919, and filed suit thereon October 28, 1932, after a lapse of over thirteen years. No move was made after the judgment was set aside in November, 1933, to substitute the plaintiff here until July 26, 1938, a period of about five years, notwithstanding the United States in the meantime had moved for dismissal upon that ground. Plaintiff did not file the present suit until almost a year after the dismissal of the former case, and has never asked for the amendment of the former judgment. Over 22 years have gone by since the lapse of the policy.

On trial of the case, the evidence did not warrant submission of the question of permanent and total disability to the jury, and a verdict should have been directed. Upon review of the record the court so decided and set the verdict aside and granted a new trial on account of the error. The cause has not been brought to trial since. The lapse of almost five years between the granting of the order for new trial and the motion of the present plaintiff for substitution was sufficient ground to dismiss. Under the circumstances, dismissal upon the ground of a failure to substitute the present plaintiff with due diligence went to the merits. The present claim, therefore, was not filed within the time limited by the statute.

Order of dismissal will enter.