## BERK v. MATHIASON SHIPPING CO., INC., et al.

District Court, S. D. New York.

May 5, 1942.

852

Jacob Rassner, of New York City, for plaintiff.

Frederick H. Cunningham, of New York City, for defendant Mathiason Shipping Co., Inc.

COXE, District Judge.

This is a motion by the defendant Mathiason Shipping Company, Inc., to dismiss the action on the ground that it involves issues which have already been determined in a prior action between the same parties. The motion is made before answer, and is in effect a motion for summary judgment under Rule 56(b), 28 U.S.C.A. following section 723c.

The prior action was brought by the plaintiff against Mathiason Shipping Company, Inc., and Bull Insular Line, Inc., but was discontinued at the instance of the plaintiff as against the Bull Insular Line, Inc. The complaint insofar as the Mathiason Shipping Company, Inc., was concerned contained two causes of action, namely, (1) under the Jones Act, 46 U.S.C.A. § 688, for damages for personal injuries alleged to have been sustained on November 4, 1940, while the plaintiff was working as a seaman on the S. S. Ideal, owned and operated by the Mathiason Shipping Company, Inc., and (2) for maintenance and cure. The case was tried before a jury on February 25 and 26, 1942, and resulted in a dismissal by the judge at the end of the plaintiff's case. On March 7, 1942, judgment was entered, reciting that "the plaintiff having submitted his proof to the jury and the court, and the defendant having moved to dismiss the complaint after the plaintiff's case, and the court, after due deliberation, having granted said motion", and adjudging that the Mathiason Shipping Company, Inc., have judgment against the plaintiff for $53.25 for its costs as taxed.

The present action is at law against the Mathiason Shipping Company, Inc., and Einar Anderson for the same injuries which were the subject of the prior action. The complaint alleges that the Mathiason Shipping Company, Inc., was the owner and operator of the S. S. Ideal, that Einar Anderson was the captain of the vessel, and that the plaintiff was injured on November 4, 1940, as a result of the negligence of the defendants. The only substantial difference between the two complaints is that in the prior action, the plaintiff alleged that he was injured while working as a seaman for the Mathiason Shipping Company, Inc., and rested his case on the Jones Act, whereas in the present action he has omitted any allegations with respect to his employment, and bases his claim solely on allegations of negligence on the part of the defendants.

The judgment in the prior action entered on March 7, 1942, operated as an adjudication upon the merits. Rule 41(b) of Rules of Civil Procedure. This judgment is a bar to a subsequent action between the same parties, "not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented". Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069. The plaintiff was free to raise in the prior action the very ground which he now takes; his failure to do so is a bar to his present action against the Mathiason Shipping Company, Inc.

The motion of the defendant Mathiason Shipping Company, Inc., for summary judgment dismissing the action as to it is granted.