### HERZOG v. DesLAURIERS STEEL MOULD CO., Inc., et al.

### No. 18836.

District Court, E. D. Pennsylvania.

July 28, 1942.

E. H. Cushman, of Philadelphia, for plaintiff.

H. Rook Goshorn, of Philadelphia, for defendant.

BARD, District Judge.

This matter arises on plaintiff's motion for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The record shows that in 1934 plaintiff entered into a contract with the United States for construction work. Defendant DesLauriers Steel Mould Company, Inc., entered into a subcontract with plaintiff to perform certain of the work and delivered to plaintiff its bond for the faithful performance of this subcontract with the defendant Continental Casualty Company as surety thereon. DesLauriers did not complete performance and failed to pay certain of its employees and materialmen. Plaintiff was obligated to complete the work and pay the wages of these employees.

Suit was instituted against plaintiff by the materialmen under plaintiff's Heard Act (40 U.S.C.A. § 270) bond, which action ·plaintiff called upon the defendants to defend. Defendants failed to do so,

but thereafter plaintiff settled the claims of the materialmen under an agreement with the defendants that the payment in settlement would have the same force and effect as if made after judgment had been entered for such an amount.

In this Heard Act suit, which was instituted in the United States District Court for the District of Columbia, DesLauriers intervened and asserted a claim against plaintiff for failure to pay it moneys due it under the subcontract and for certain alleged additional labor and materials. Plaintiff filed his answer to this declaration and filed a counterclaim against DesLauriers for failure to perform its contract with plaintiff. DesLauriers filed a reply to this counterclaim and the issues raised by the pleadings were referred to a special master, before whom the case was tried for four days. H. Rook Goshorn, Esquire, counsel for defendant Continental Casualty Company in the present case, acted as trial counsel for DesLauriers and filed briefs on its behalf. According to an affidavit filed by the plaintiff in support of its present motion, Continental Casualty Company procured the attendance of witnesses at the trial, filed its undertaking for costs in the Washington proceedings, and has paid, or has become obligated to pay, Mr. Goshorn for his services rendered in that proceeding.

The United States District Court for the District of Columbia in that action rendered judgment in favor of plaintiff in this action in the amount of $16,952.21.

The present action was instituted by plaintiff against DesLauriers and Continental Casualty Company as surety for breach of the contract between plaintiff and DesLauriers. The allegations in this action are substantially identical with those in the counterclaim against DesLauriers in the Washington action. An answer has been filed only on behalf of Continental Casualty Company, which latter will hereinafter be referred to as defendant. The defenses raised by this answer are the same as those presented by DesLauriers in the Washington action.

In support of his motion for summary judgment plaintiff filed an affidavit setting forth the matters referred to above which he contends demonstrate that Continental Casualty Company participated in the prior action and is accordingly bound by its outcome. Defendant filed no counter-affidavit. It contented itself at oral argument and

in its brief with challenging the competency of the plaintiff to aver of personal knowledge that the defendant "has paid, or is obligated to pay, the counsel fees of H. Rook Goshorn, Esquire" for his services in the Washington proceeding, or that the defendant paid the travelling expenses of the witnesses mentioned. Counsel for defendant stated in his brief that his participation in the Washington trial was "at the request and invitation of counsel for DesLauriers Steel Mould Company, Inc. and as co-counsel with him", and quoted from a letter written to him by counsel for DesLauriers as follows: "As I stated on my trip to Philadelphia, I should be very happy indeed to have you actively participate in the trial of this case with me. The case is very complicated and I feel your services would be very valuable especially in view of your trial experience in cases involving contracts and in suits upon bonds."

Neither by way of counter-affidavit nor in his brief did counsel for defendant deny that defendant was obligated to pay him for his services in the Washington proceeding, nor did he set forth that DesLauriers had undertaken to pay him for these services, nor were the allegations of plaintiff's affidavit as to the procurement of the witnesses and the payment of their expenses by defendant denied. It was of course conceded that Mr. Goshorn, counsel for defendant in this proceeding, did actively participate in the trial of the Washington action.

Following oral argument, defendant moved to file an "additional" affidavit, apparently under Rule 56(e) of the Federal Rules of Civil Procedure. Plaintiff opposes this application on the ground that since defendant elected not to file any counter-affidavit prior to the argument, it should not thereafter be permitted to file such an affidavit without showing good cause for his failure to file such an affidavit prior to the argument.

In view of the conclusion I have reached in this matter, it is unnecessary to pass upon this question. The counter-affidavit submitted by the defendant after oral argument on the defendant's motion was that of an adjuster of the defendant. It set forth that defendant did not institute or prosecute the DesLauriers suit against plaintiff, but that DesLauriers instituted that action and prosecuted it with attorneys of its own choosing, without consultation

with, or direction of, this defendant; that "to the best of deponent's knowledge" Mr. Goshorn participated in that trial at the request of DesLauriers' attorneys and acted as an attorney for that company under an arrangement with it, "the details of which are unknown to your deponent"; that defendant has not paid Mr. Goshorn for his services in that case and that "no bill has been presented to Continental Casualty Company for such services by him"; that defendant did procure the attendance of one witness, did pay travelling and other expenses of two witnesses, and did become surety on DesLauriers' bond for costs in the Washington proceeding (which services are alleged to have been for the accommodation of DesLauriers and for the purpose of retaining the good will of its officers whose cooperation was necessary to defendant in the defense of the present suit).

Under these circumstances the question is presented whether defendant participated in the Washington action to an extent sufficient to bind it by the judgment therein rendered. In the recent case of Massachusetts Bonding & Ins. Co. v. Robert E. Denike, Inc., 92 F.2d 657, the Circuit Court of Appeals for this circuit upheld the entry of a judgment for the plaintiff against a surety which had participated in an action by the plaintiff against the principal in which the same issues had been raised. The participation by the surety in that case was the presence of its mechanical engineer at the trial at the direction of the defendant and his assistance in procuring witnesses for the principal. Said the court at page 658 of 92 F.2d:

"In general, a judgment against the principal is prima facie evidence against the surety, and 'if the surety participates in the action against his principal, he is concluded as to the issues therein decided against his principal.' 50 Corpus Juris, p. 199; Moses v. United States, 166 U.S. 571, 17 S.Ct. 682, 41 L.Ed. 1119; Burley v. Compagnie De Navigation Francaise [9 Cir.], 194 F. 335; Strathleven Steamship Co. v. Baulch, [4 Cir.], 244 F. 412; Imperial Refining Co. v. Kanotex Refining Co. [8 Cir.], 29 F.2d 193, 200.

"While the question of what constitutes participation has not been clearly defined by the courts, we think the activity of the defendant at the proceedings in the state court, through its accredited agent, Alva O. Greist, justified the finding of the referee that the defendant had participated in that suit, and that it is bound by the judgment there obtained."

Was there "participation" by the defendant surety in the Washington case so as to bind it in the present action? There appears to be little doubt on this question. In addition to the admissions that defendant procured and paid witnesses and furnished a bond for DesLauriers in an action in which it had a vital interest, the evasiveness of the defendant in failing to meet squarely the issue of whether its counsel in the present action was representing it in the Washington action and was, or is, to be paid by it for those services leads to but one conclusion. Plaintiff filed an affidavit that defendant has paid, or is obligated to pay, Mr. Goshorn for those services. Mr. Goshorn filed no affidavit denying this, nor did he state any more in his brief than that he participated in that trial for DesLauriers and in the capacity of attorney for DesLauriers. He does not state that DesLauriers agreed to pay him for such services. He does not state that he was not representing the interest of defendant, which was not a party to that suit and on whose behalf he could therefore not have actually entered an appearance. No affidavit was filed by the defendant until after oral argument upon plaintiff's motion, when the only affidavit filed was that of an adjuster of the defendant who states that he has no knowledge of the arrangement between Mr. Goshorn and the attorneys for DesLauriers and that Mr. Goshorn has not presented a bill to defendant for his services in the Washington action.

It will be noted that this matter took four days to try in Washington. There is no suggestion that the issues raised in that proceeding were not identical with those in the case at bar. It is certainly a case where a second trial of the same question should be avoided by the operation of Rule 56 of the Federal Rules of Civil Procedure if it be a fact that the defendant did participate in the first trial. Defendant admits that it procured the witnesses and paid their expenses and that it filed a bond for costs as surety for DesLauriers at the first trial. It is uncontradicted that counsel for defendant in this present proceeding actually participated actively in the trial of that action. Since it would have been so simple a matter for the defendant to have created a genuine

issue as to the party whose interests were actually being represented by Mr. Goshorn in that proceeding and as to who had undertaken to pay his fee for his services therein, and since defendant studiously avoided doing so, I feel that this court should not be required to relitigate the issues.

Accordingly, I grant the plaintiff's motion and enter judgment in his favor against the defendant Continental Casualty Company in accordance with the judgment of the United States District Court for the District of Columbia in the amount of $16,952.21, with interest at six per cent. per annum on $6,527.21 thereof from May 22, 1935, on $4,500 thereof from January 25, 1940, and on $250 thereof from February 9, 1940.