**ELLER v. PAUL REVERE LIFE INS. CO.**

No. 12640.

Circuit Court of Appeals, Eighth Circuit.

Oct. 26, 1943.

Chester J. Eller, of Des Moines, Iowa (H. M. Havner, of Des Moines, Iowa, on the brief), pro se.

Volney Diltz, of Des Moines, Iowa (Earl C. Mills, of Des Moines, Iowa, on the brief), for appellee.

Before WOODROUGH, THOMAS, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is to reverse a judgment rendered in summary proceedings under Rule 56, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, dismissing the plaintiff's suit at his costs.

The suit was to recover total disability benefits claimed to be due under an accident insurance policy issued by defendant to plaintiff in 1934. Mr. Eller accidentally fell on an icy sidewalk and was injured January 21, 1937, while the policy was in force, and the insurance company paid him monthly installments due him on account of his resultant total disability in accord with the policy for the period from the date of the accident to March 21, 1938. The last payment was not made until after Mr. Eller had sued the company on the policy, which suit was dismissed on account of the payment. The company refused thereafter to make further payments, and Mr. Eller, claiming that his total disability had continued, again brought suit against the company on the policy for total disability payments for the period from March 21, 1938, to August 21, 1938. Trial of the case resulted in judgment of dismissal.

In the present action it was alleged that the plaintiff's total disability resulting from

the accidental fall on the sidewalk had continued during all of the period from March 21, 1938, to December 5, 1940, and judgment was prayed on account thereof, together with hospital benefits which would be payable under the policy during such continued total disability. The insurance company defended on the ground that by the terms of its policy it was bound to pay Mr. Eller only on account of such total disability as was continuous from the accident and that he was estopped by the final adjudication in his former suit against the company to assert in this action that his accident of January 21, 1937, had caused him to be totally disabled during the period from March 21, 1938, to August 21, 1938, which was involved in that action. The proceedings had in the former action were set out in the company's pleadings, in exhibits attached, and in exemplified copies referred to and contemporaneously filed with the clerk of court. No reply was filed to the company's answer as amended, but both parties moved the court to render summary judgment under Rule 56, Rules of Civil Procedure.

On the hearing of the motions the proceedings had in the former contested lawsuit between the same parties were argued by both parties and were considered by the court without objection to foundation for their introduction.[1] They show that the former contested suit against the insurance company on the same insurance policy was brought in the Municipal Court of the City of Des Moines, a court of record in Iowa. That plaintiff there alleged the same accident occurring on January 21, 1937, and that injuries had resulted therefrom and that in consequence he had been continuously and totally disabled during the period March 21, 1938, to August 21, 1938. The company there denied that he had been totally disabled during the period. The issue so joined was submitted to the jury on instructions which clearly explained to the jury that the plaintiff claimed that as the result of his fall on January 21, 1937, he had "since January 21, 1937, been continuously and totally disabled" and that the defendant "specifically denies that the plaintiff was so continuously and physically disabled during the period from March 21, 1938, to August 21, 1938," and that the burden of proof was on plaintiff "to prove by a preponderance of the evidence that as the result of an accident on January 21, 1937, he sustained bodily injuries which directly and independently of all other causes resulted in continuous total disability from and after March 21, 1938." The jury's verdict was for defendant insurance company and judgment of dismissal followed. An appeal to the Supreme Court of Iowa resulted in affirmance. Eller v. Paul Revere Life Insurance Co., 228 Iowa 1247, 291 N.W. 866. Mr. Eller obtained an order granting him a new trial, but on second appeal to the Supreme Court such order was reversed and the judgment against him was reinstated and affirmed. Eller v. Paul Revere Life Insurance Co., 230 Iowa 1255, 300 N.W. 535.

It thus appears that the right to recover for total disability continuing after March 21, 1938, which Mr. Eller asserts in this action, has been fully litigated between him and the insurance company in the court of competent jurisdiction to which he submitted the issue and has been finally adjudicated against him.

He has contended in the trial court and on this appeal that the issue in this case is not the identical issue determined in the former case. His position is that in the former case he pleaded and adduced testimony to show that certain personal injuries were inflicted upon him by his fall but that he subsequently discovered through further experiences, medical examinations and diagnoses, and has pleaded here, that the injuries had been in fact different from and more severe than those he pleaded and sought to prove in the municipal court suit.[2]

But the record herein shows, as has been stated, that long after the entry of the

---

[1] Plaintiff referred to them as "records already exemplified and filed of record."

[2] In the former contested case the injuries were described: Two broken ribs on his right side, being the 9th and 10th ribs, bruises about the head, torn and sprained ligaments in the neck, injured articulating facets and processes and lamina bones between the vertebrae of his neck and a fracture of right facet and processes or lamina bone between the third and fourth verte-

brae so as to cause pressure on the spinal cord nerves passing out through said vertebrae; and fracture of the 6th cervical and upper dorsal vertebrae, an injury to the occipital bone, a cerebral insult and concussion.

In this case they are described:

Breaking the 9th and 10th ribs on the right side; bruising and lacerating his right forehead; torn, sprained and injured ligaments and veins and arteries and soft

former judgment Mr. Eller applied for a new trial of the case in which the judgment against him was rendered, on the ground of newly discovered evidence showing that the injuries inflicted when he fell were different from and more serious than he had believed and alleged them to be on the first trial. In Eller v. Paul Revere Life Insurance Co., 230 Iowa 1255, 300 N.W. 535, the Supreme Court carefully and fully reviewed the evidence of the first trial which included the diagnoses and opinion testimony of competent experts disclosing the nature and extent of the injuries inflicted upon Mr. Eller as well as the testimony claimed to constitute newly discovered evidence. The court decided that the fact question of the nature and extent of the injuries had been fairly tried, and that the further testimony proffered as newly discovered evidence was merely cumulative of the great mass of the testimony on the trial and could have been availed of before, and that a different result from its inclusion on another trial was not reasonably probable.

█ In this action the policy provision sued on is the promise to pay an indemnity of $100 a month in case of continuous total disability resulting from accidental injuries. Definition of total disability is included in the contract, and the existence or nonexistence of continuous total disability was the controlling issue of fact necessarily and specifically defined and settled between the parties by the jury verdict and judgment in their former lawsuit. Even if Mr. Eller now has newly discovered evidence concerning the nature and extent of his injuries which might be deemed sufficient to justify a new trial of his former case, it would afford no support to his maintenance of this action. The judgment against him, while it stands, estops him from asserting in any other action against the company that he was continuously totally disabled after March 21, 1938. State

of Oklahoma v. State of Texas. 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831; City of New Orleans v. Citizens' Bank, 167 U.S. 371, 17 S.Ct. 905, 42 L.Ed. 202; United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262; Southern Pacific Ry. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 27, 42 L.Ed. 355.

In Southern Pacific Ry. Co. v. United States, supra, the Supreme Court said: "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

In City of New Orleans v. Citizens' Bank, supra [167 U.S. 371, 17 S.Ct. 913, 42 L.Ed. 202], the Supreme Court said: "The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has, under identical circumstances and conditions, been previously concluded by a judgment between the parties or their privies."

The discovery of new evidence as to insured's total disability is not sufficient to entitle insured to further litigate that question. As stated in the Restatement of Judgments, § 61: "* * * where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining a second action based on the same transaction, if the evidence needed to sustain the second action would have sustained the first action."

tissues in plaintiff's neck and upper dorsal vertebrae; crushing or breaking the right articulating facet and joints between the 3rd and 4th cervical vertebrae and crushing or breaking the left articulating facet and joints between 4th and 5th cervical vertebrae of plaintiff's neck and injuring the other articulations and articulating facets in the said cervical and upper dorsal vertebrae; fracturing and crushing the bony structure of the 3rd, 4th, and 6th cervical vertebrae, injuring the atlas to be incongruous, and the foramina and intervertebrae discs between the 3rd, 4th, 5th, and 6th cervical vertebrae to be narrowed and encroached upon so that there was continued nerve pressure, severe pain and congestion in plaintiff cervical spine which upon plaintiff attempting to move around or use any mental or physical efforts to any extent would lose the use of his arms, hands, fingers and legs for as much as 3 or 4 days at a time.

In Southern Pacific Ry. Co. v. United States, supra, the United States brought suit to quiet title to certain lands claimed to have been established by certain maps. These maps had been filed in a former suit and an adjudication with respect to land based on them. Certain new evidence with respect to the maps was pressed to the attention of the court. The court stated, 168 U.S. at page 65, 18 S.Ct. at page 33, 42 L.Ed. 355: "We cannot concur in the view that the evidence upon this branch of this case is of such nature to compel the court, in the interest of truth and justice, not only to consider it but to pass again upon the issue made in the former suits as to the character of the maps of 1872. Whatever is new in the evidence now before us, touching that matter, is simply cumulative on the one side or the other. The application to consider that evidence is practically an application for a rehearing as to things directly determined in the former suits between the same parties, and which adjudication has never been modified. Such a course of procedure is wholly inadmissible under the settled rule of res judicata."

In Quirk v. Rooney, 130 Cal. 505, 511, 62 P. 825, 827, the court stated: "If a new action could be commenced, and a case retried, because of the discovery of new facts, after the case had been finally disposed of, there would be no end of litigation, and a case could be kept in court forever. The law provides machinery for a full and fair hearing of all cases, giving the parties the right to fully present their case upon the merits, granting continuances for the purpose of taking depositions or procuring the attendance of witnesses. After the case is tried, the losing party may apply to the court for a new trial upon the ground of newly-discovered evidence, and if the evidence is material, and due diligence and good faith are shown, the court is always ready to give relief. But to allow a party to commence another suit, after having once been defeated in the lower and in the appellate courts, for the reason that he has found different evidence, would be destructive of the very purposes for which courts are instituted."

Since the insured was estopped to litigate the question of total disability as a result of the prior adjudication, and the determination of the ultimate fact that total disability did not exist from March 21, 1938, to August 21, 1938, was determinative of the issue of continuous total disability involved in the instant case in that the policy required continuous total disability for recovery thereon, the trial court properly sustained defendant's motion for summary judgment.

The record on this appeal is not clear on one matter. The policy promises to pay partial disability benefits of $50 a month for three months after termination of total disability. Mr. Eller appears to have claimed that benefit and it seems to be unpaid. If his right to it is open for our consideration, he may file application for such consideration within fifteen days. If such filing is not made within the period, the judgment appealed from will stand.

Affirmed.