MITCHELL v. DAVID et al.

No. 424.

Municipal Court of Appeals for the District of Columbia.

Oct. 10, 1946.

I. H. Halpern of Washington, D. C., for appellant.

John H. Burnett, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This case is before us on appellees' motion to dismiss the appeal.

Appellant had sued in the trial court, claiming damages for the alleged malicious prosecution of a landlord-tenant action. Defendant filed a motion to dismiss the complaint for insufficiency. After argument by counsel the trial court granted the motion to dismiss. This was on June 20,

1946. Plaintiff took no appeal from said judgment of dismissal.

Twenty days later, on July 10, plaintiff filed a motion for leave to file an amended complaint and tendered the proposed amendment with the motion. After hearing argument the trial judge refused leave to amend, on August 5. From that refusal plaintiff noted this appeal. We have decided that the appeal must be dismissed, for the reason that there is nothing before us which we can properly review on the merits.

The judgment of dismissal is not here for review since no appeal was taken therefrom, and appellant permitted the time to lapse for taking such appeal.

The second order, from which the appeal was taken, was simply a refusal to allow leave to amend. Such an order is ordinarily not subject to review on appeal.[1] Appellant in her brief (filed here in opposition to the motion to dismiss) has not argued that there was an abuse of discretion in refusing leave to amend; nor is there anything in the record to suggest that such was the case.

As a practical proposition there is little difference between this situation and one where a losing party fails to make timely notation of appeal and then seeks to reinvest himself with such right by filing a motion for new trial or to vacate the judgment. This we have previously said cannot be done.[2]

The appeal must be taken from the judgment itself and not from a later motion attacking the judgment.[3] As we have said in Union Provision and Distributing Corp. v. Thomas J. Fisher and Company, Mun.Ct.App.D.C., 49 A.2d 85.

"If the right of appeal could be revived by a motion of this sort, it would enable the defeated party to fix his own time for review, thus delaying indefinitely the enforcement of the judgment."[4]

Appeal dismissed.

[1] Plummer v. Johnson, D.C.Mun.App., 35 A.2d 647, and cases there cited.

[2] Crowley v. Wood, D.C.Mun.App., 31 A.2d 861.

[3] Consolidated Radio Artists v. Washington Section, etc., 70 App.D.C. 262, 105 F.2d 785; Ray v. Bruce, D.C.Mun. App., 31 A.2d 693; Conrad v. Medina, D.C.Mun.App., 47 A.2d 562.

[4] Quoting from Dante v. Bagby, 39 App.D.C. 516.