### MITCHELL v. DAVID et al.

#### No. 468.

Municipal Court of Appeals for the District of Columbia.

March 18, 1947.

I. H. Halpern, of Washington, D. C., for appellant.

John H. Burnett, of Washington, D. C., (Bauman & Burnett, of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The parties are here for the second time, litigating the same controversy.[1] Originally appellant filed a complaint for damages in the trial court charging that defendants had filed a landlord-tenant action (which she identified by its case number) in a fraudulent attempt to oust her of possession of property in violation of certain alleged lease rights. Defendants filed a motion to dismiss the complaint for failure to state a cause of action, which motion the trial court granted. Later plaintiff sought leave to file an amended complaint, such leave was refused, and plaintiff appealed. We dismissed the appeal on the grounds that the order refusing leave to amend was not subject to review here; that plaintiff had permitted her time to elapse for taking her appeal from the order of dismissal, and could not appeal from the order denying leave to amend; and that the appeal should have been taken from the judgment itself and not from a later motion attacking the judgment.[2]

Afterwards, plaintiff filed a new suit in the trial court, again identifying the landlord-tenant action by its same case number and charging defendants with the same "intentional wrongs" which had been charged in the first suit. The facts were stated in more detail but the essence of the action was exactly the same.

Defendants moved for summary judgment, and supported the motion by an affidavit reciting that the parties were the same as in the earlier damage action; that in the first case plaintiff had sought leave to file and had tendered an amended complaint which was identical with the one filed in the second action; that leave to file it had been denied and that the first suit had been dismissed. The affidavit also recited that an appeal had been taken to this court which resulted in the dismissal by us, to which we have referred. Upon that state of the record the trial court granted summary judgment in the second action and plaintiff has brought this second appeal.

Procedurally speaking, a motion for summary judgment is a proper method for raising the defense of res judicata.[3] But appellant insists that the order of the trial court dismissing the first action was merely interlocutory and could therefore not have been res judicata as to the second suit. The situation is governed by Municipal Court Rule 37(b) which provides in part:

"Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

[1] There was a third appeal on our docket (Mitchell v. David, D.C.Mun.App., 51 A.2d 375), but that case has no bearing on this appeal.

[2] Mitchell v. David, D.C.Mun.App., 49 A.2d 84.

[3] Eller v. Paul Revere Life Ins. Co., 8 Cir., 138 F.2d 403, 149 A.L.R. 1191; Billings Utility Co. v. Advisory Committee, 8 Cir., 135 F.2d 108; Herzog v. Des-Lauriers Steel Mould Co., D.C., E.D.Pa., 46 F.Supp. 211; Mabardy v. Railway Express Agency, D.C., D.Mass., 26 F.Supp. 25; Ratner v. Paramount Pictures, D. C., S.D.N.Y., 6 F.R.S. 613.

Since this rule is virtually identical with Rule 41(b) of the Federal Rules of Civil Procedure we may with profit examine what the federal courts have said concerning such dismissals. We find that the United States Court of Appeals for this District has held that a dismissal under Rule 41(b), such as the one here involved, operates as an adjudication on the merits.[4] We also find that other federal courts have taken the same view and have consistently held that a dismissal like this one constitutes an adjudication on the merits of the case,[5]

so as to raise the bar of res judicata against further actions on the same subject matter. And that defense has been held good not only as to every claim which was actually offered in support of the first suit but also as to every ground of recovery which might have been presented.[6]

■ To us, therefore, it seems clear that appellant has no semblance of a right to attempt by her second suit that which she failed to accomplish by the first.

Affirmed.

---

[4] American Nat. Bank & Trust Co. of Chicago v. United States, 79 U.S.App.D. C. 62, 142 F.2d 571.

[5] Bowles v. Biberman.Bros., 3 Cir., 152 F.2d 700; Cleveland v. Higgins, 2 Cir., 148 F.2d 722, certiorari denied 326 U.S. 722, 66 S.Ct. 27; Jefferson Electric Co. v. Sola Electric Co., 7 Cir., 122 F.2d 124; Olsen v. Muskegon Piston Ring Co., 6 Cir., 117 F.2d 163; Standard Oil Co. of California v. Tide Water Associated Oil Co., D.C., D.Del., 55 F.Supp. 274; Berk v. Mathiason Shipping Co., D.C., S.D.N. Y., 45 F.Supp. 851; Derrin v. United States, D.C., D.Oregon, 41 F.Supp. 530.

[6] Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; Woods v. Cannaday, U.S.App.D.C., 158 F.2d 184; David v. Nemerofsky, D.C. Mun.App., 41 A.2d 838.