## HURD v. SHEFFIELD STEEL CORP.

No. 14055.

United States Court of Appeals
Eighth Circuit.

April 25, 1950.

Paul C. Sprinkle, William F. Knowles and Sprinkle & Knowles, Kansas City, Mo. on brief for appellant.

Richard S. Righter and Horace F. Blackwell, Jr., Kansas City, Mo., on brief for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and RIDDICK, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from a summary judgment entered on motion of appellee. The parties will be referred to as they were designated in the trial court. Plaintiff brought this suit charging the infringement of a patent which he alleged had been issued to him for a "composition for coating metal being formed." A copy of the patent was attached to the complaint and by proper reference made a part of it. He alleged that the patent was being infringed by the defendant and that defendant had been infringing his patent for a long period of time. He then asked for an accounting, for an injunction and for general damages.

Defendant answered, denying infringement, and pleaded invalidity of the patent issued to plaintiff. It then alleged "that on July 25, 1939, plaintiff executed and delivered to Theodore B. Dull a transfer and assignment of an undivided fifteen (15%) per cent of the full and exclusive right, for the United States and elsewhere, in and to the invention secured by said patent," and that said assignment was duly acknowledged and recorded in the United States Patent Office on April 3, 1941. A verified copy of the assignment was attached to and made a part of the answer. It was also alleged that the assignment was in full force and effect and that Theodore B. Dull was and ever since July 25, 1939 had been co-owner with plaintiff of the patent and hence, he was an indispensable party plaintiff to the suit. A motion for summary judgment was made by defendant on the ground that plaintiff's assignee was an indispensable party plaintiff. The motion was submitted on the pleadings, the exhibits and the affidavit of Theodore B. Dull.

The written assignment executed by the plaintiff contains the following provision:

"Now, therefore, in consideration of $1.00, the receipt of which is hereby acknowledged, I, Harold R. Hurd, by these presents do sell, assign and transfer unto Theodore B. Dull the undivided Fifteen per cent (15%) of the full and exclusive right, for the territory of the United States and for all foreign countries in and to the said invention as described in the specification executed by me on the 24th day of July,

1939; said invention, application and letters patent to be held and enjoyed by the said Theodore B. Dull to his interest, for his use and behoof and for his legal representatives, to the full end of the term for which said letters patent may be granted, as fully and entirely as the same would have been held by me had this assignment and sale not been made."

The instrument contains further description of the patent, giving its date and serial number. It was duly acknowledged and recorded in the United States Patent Office April 3, 1941.

The affidavit of Theodore B. Dull, which was submitted in support of defendant's motion, recites, among other things that he "is the Theodore B. Dull identified as the assignee in the assignment by Harold R. Hurd, dated July 25, 1939, by which Hurd transferred to him an undivided fifteen (15%) percent of the full and exclusive right in and to an invention secured by Patent No. 2238738. Said assignment was delivered to him by said Hurd on or about July 25, 1939. Affiant has carefully examined the photostatic copy of said assignment attached to and made a part of defendant's answer as Exhibit A in the above case, and carefully compared it to the original assignment and states that said photostatic copy is a true and correct copy of said original.

"By virtue of said assignment, affiant is now and has at all times since July 25, 1939, been an owner of fifteen (15%) per cent of the right in and to the invention secured by the said patent and is therefore a co-owner, with said Hurd, of said patent. He has never assigned or transferred any part of his said interest to said Harold R. Hurd or anyone else, and the said assignment has never been revoked or otherwise terminated, but remains in full force and effect.

"He will not consent to join said Harold R. Hurd in this suit or any other suit for the alleged infringement of said patent by Sheffield, either as a party plaintiff or defendant."

The court, reciting in substance the foregoing facts, granted defendant's motion and dismissed plaintiff's complaint.

It is the contention of plaintiff that the court erred in sustaining defendant's motion for summary judgment because (1) misjoinder of parties is not ground for dismissal and (2) the matters set forth in the pleadings were contested questions of fact which could not properly be passed upon by motion for summary judgment.

The proceeding on motion for summary judgment is not a trial but in the nature of an inquiry in advance of trial for the purpose of determining whether there is a genuine issue of fact. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., contemplates prompt disposition of an action where there is in fact no genuine issue, thus avoiding the necessity of a futile trial. Either party may move for summary judgment—the plaintiff at any time after the answer has been served, and the defendant at any time after claim has been asserted against him. The burden of proof is on the moving party and the rule [56(e)] requires that affidavits supporting or opposing a motion for summary judgment shall be made on personal knowledge and set forth such facts as would be admissible in evidence and which show that the affiant is competent to testify to the facts recited in the affidavit. If it appears from the pleadings, affidavits, admissions or depositions that there is no genuine issue as to any material fact and that the issue is one of law, then if the law so warrants a summary judgment should be entered. The question of the sufficiency of the evidence raises an issue of law and if, under the facts, the court would be required to direct a verdict for the moving party, then a summary judgment should be granted. Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101; Parmelee v. Chicago Eye Shield Co., 8 Cir., 157 F.2d 582, 168 A.L.R. 1130; Sprague v. Vogt, 8 Cir., 150 F.2d 795; Eller v. Paul Revere Life Ins. Co., 8 Cir., 138 F.2d 403, 149 A.L.R. 1191; Gifford v. Travelers Protective Ass'n, 9 Cir., 153 F.2d 209.

Here an affirmative defense was pleaded by defendant. If established, it presented for determination a question of law. The complaint alleged the issuance of the patent to plaintiff. It did not allege that plaintiff was the owner of the patent although that presumption might arise from its issuance. It appears without dispute that he assigned in writing an interest in this patent. The assignee made affidavit that the assignment had never been revoked, that he had never transferred nor disposed of the interest which he received under this assignment but that he was the present holder and owner thereof and that the assignment was in full force and effect. On this issue raised by the affirmative defense, the court, had the case been submitted on the merits, would on motion have been required to direct the verdict in favor of the defendant. The fact of the assignment being established by undisputed and unimpeached evidence, it remains to consider whether or not plaintiff, notwithstanding the assignment, was entitled to maintain the suit.

May a joint owner maintain a suit for infringement without joining as plaintiff his co-owner? Rule 19(a), Rules of Civil Procedure, which is substantially the same as old Equity Rule 37, provides that, "* * * persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff."

In the instant case there was no motion to join the defendant as an involuntary plaintiff, nor was there any attempt to make him a party defendant. Whether or not such a motion should have been entertained is therefore not before us. It is well settled that where the patentee assigns an undivided part of the patent, action for infringement committed subsequent to the assignment must be brought in the joint name of the patentee and assignee as representing the entire interest. Pope Mfg. Co. v. Gormully & Jeffery Mfg. Co., 144 U.S. 248, 12 S.Ct. 641, 36 L.Ed. 423; Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923; Walker on Patents, 6th Ed., Section 449.

Being of the view that all the co-owners of the patent must be joined as plaintiffs in a suit for infringement, the order of the court dismissing the action is affirmed.