## SCHROEDER v. TEXAS & PACIFIC RY. CO.

No. 14385.

Court of Civil Appeals of Texas. Dallas.

Oct. 12, 1951.

Jas. D. Buster, Sherman, for appellant.

Freeman, Wolfe, Henderson & Bryant, Sherman, for appellee.

YOUNG, Justice.

The appeal is from a defendant's judgment summarily rendered upon hearing of the Railway Company's motion therefor under Rule 166-A, Texas Rules of Civil Procedure.

Suit in the trial court was by Schroeder against the Company for damages growing out of the death of his minor son, John, who, on May 18, 1950, fell from the top of a Texas & Pacific Railway trestle to the bed of a small creek below, sustaining fatal injuries. As basis for said summary procedure, the motion (filed after formal answer) recited in part that: "The pleadings on file show that, except as to the amount of damages, there is no genuine issue as to any material fact and that this defendant is entitled to judgment in its favor as a matter of law."

Contents of plaintiff's original petition just referred to must first be summarized: It was alleged that the trestle in question (located within the City of Sherman) had been used for more than ten years prior to May 1950 as a railroad crossing; also recognized by defendant Company as a public pathway for use of pedestrians, bicyclists, men, women and children; that the pathway leading up to and over said trestle and immediately adjacent to the track had been adversely and uninterruptedly in use for a time longer than required to create an easement by prescription in favor of said public; that the minor, John Schroeder, had the legal right to traverse said pathway over such trestle by riding his bicycle thereon; defendant Company having the duty under said circumstances to so maintain and keep in repair its trestle as that it would be safe and convenient for the traveling public using same. That defendant had negligently allowed the gravel, rock and ballast to sink below the level of cross-ties for some distance along the south side of said trestle to a depth of about .8 inches next to the outer rim, and 4½ inches next to ends of the railway ties; that said minor, John Schroeder, while riding his bicycle over the trestle and along the 18-inch pathway immediately adjacent to the end of said ties eastwardly in a lawful and prudent manner, "inadvertently pedaled too close to the end of a tie at a point about 16 feet east of the place where the gravel, rock and ballast began to slope; his foot pedal on the left side of his bicycle did not have room to clear the end and top of said tie; said pedal struck the top of the tie in question, thereby deflecting his bicycle to the right, unbalancing said child, and causing him and his bicycle to fall over the south edge of the trestle, at a point about 12 feet farther east of the point on the tie where said pedal struck, to his death on the ground below."

It was alleged that defendant was further negligent in failing to have a guardrail along the rim of said trestle to prevent any one from slipping or falling while using such "prescriptive easement along the top of said trestle"; also in doing nothing to prevent the public from using the unguarded trestle as a public pathway, by way of warning signs or structures erected at either end to discourage bicyclists from entering upon or crossing same.

In the alternative, it was charged that said trestle constituted an attractive nuisance, defendant having failed to construct and maintain the same as a safe place for such purpose. Again in the alternative, a cause of action was alleged with said minor child as an invitee, viz.: "That John L. Schroeder was impliedly invited to use such pathway, as a member of the public generally residing in the area adjacent to said trestle, and enjoyed the legal status of an implied invitee at the time of his death. That the defendant railway company owed the duty of using ordinary care to make such trestle and the pathway thereon safe for the public using it, and, in particular, to make it safe for John L. Schroeder on the occasion in question. Nevertheless, defendant company failed to use ordinary care to make and maintain said trestle safe for him to use as a pathway in that said Company was negligent in the particulars hereinabove enumerated in paragraph 3, above, and such negligence was the proximate cause of John L. Schroeder's death * * *."

Schroeder claimed damages by reason of defendant's alleged negligence in the sum of $35,940; also seeking recovery for benefit of the mother of deceased (plaintiff's divorcee) in the additional sum of $5,000.

█ Appellant, in the main and through various points, asserts unconstitutionality of Rule 166–A in effect and operation. Recent appeals to this Court have involved

the Rule and summary judgment procedure, and we have had occasion to hold that relief thereunder had been improperly granted; but in no instance have we been doubtful of its constitutionality.

The Rule, patterned after Federal Rule 56, 28 U.S.C.A., as originally promulgated, simply provides a way, on threshold of the litigation, for final disposition of the case where genuine issues as to material facts are found not to exist; the procedure being comparable in practice to the court's grant of a peremptory instruction or motion for judgment non obstante veredicto upon a formal trial. If, on the hearing, contemplated by Rule 166–A, such issues are observable, the court is powerless to proceed, but must allow a trial by jury in regular order unless same is waived. It "is a procedural device for the disposition of cases in which there is no material issue of fact and its purpose is to eliminate the formal trial of cases where only questions of law are involved." Pen-Ken Gas & Oil Corporation v. Warfield Natural Gas Co., 6 Cir., 1943, 137 F.2d 871, 877, certiorari denied 320 U.S. 800, 64 S.Ct. 431, 88 L.Ed. 483, rehearing denied 321 U.S. 803, 64 S.Ct. 634, 88 L.Ed. 1089. Argument that the procedure infringes the constitutional right of trial by jury has been often made, but without avail. Overruling such a contention, involving a comparable and earlier Federal Rule, the U. S. Supreme Court in Fidelity & Deposit Company of Maryland v. United States, 187 U.S. 315, 23 S.Ct. 120, 122, 47 L.Ed. 194, held in part: "If it were true that the rule deprived the plaintiff in error of the right of trial by jury, we should pronounce it void without reference to cases. But it does not do so. It prescribes the means of making an issue. The issue made as prescribed, the right of trial by jury accrues. The purpose of the rule is to preserve the court from frivolous defenses, and to defeat attempts to use formal pleading as means to delay the recovery of just demands." See also General Investment Co. v. Interborough Rapid Transit Co., 235 N.Y. 133, 139 N.E. 216.

■■ Turning to plaintiff's petition and assuming the truth of all facts alleged, the trial court has simply concluded that no cause of action was stated. The matter of sufficiency of the evidence raises an issue of law; and if, assuming due proof of the pleaded facts, the court would later be required to direct a verdict for the moving party, the situation is properly one for a summary judgment. Hurd v. Sheffield Steel Corp., 8 Cir., 181 F.2d 269, syls. 1–3. Appellant cannot complain of any lack of due process, i. e., trial by jury, when his own pleading in effect involves merely questions of law. Lindsey v. Leavy, 9 Cir., 149 F.2d 899, certiorari denied 326 U.S. 783, 66 S.Ct. 331, 90 L.Ed. 474.

■ Appellant alleges three grounds of liability on account of the death of his minor son. First: That deceased was a licensee with defendant negligent in failing, (a) to have ballast on the trestle laid even with the crossties, (b) to provide a guardrail on outside rim, (c) to erect warning signs or (d) to erect a stopgap or similar structure. The only duty owed by appellee to deceased as a licensee was to refrain from injuring him, either wilfully, wantonly, or through gross negligence; Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073; Renfro Drug Co. v. Lewis, Tex.Sup., 235 S.W.2d 609; the rule applying to adults and children alike; Holt v. Fuller Cotton Oil Co., Tex.Civ.App., 175 S.W.2d 272; Taylor v. Fort Worth Poultry & Egg Co., Tex.Civ.App., 112 S.W. 2d 292. Since the negligence charged by appellant was purely passive, there was no basis for recovery as a licensee. Second: Affirmative allegations of plaintiff's petition further disclose that on the occasion in question the deceased was not an implied invitee. The applicable rule was reiterated in Cowart v. Meeks, 131 Tex. 36, 111 S.W. 2d 1105, 1107, that: "In the absence of some relation which inures *to the mutual benefit of the two*, or to that of the owner, no invitation can be implied, and the injured person must be regarded as a mere licensee." (Emphasis ours.) See also McGinty et al. v. Texas Power & Light Co., Tex.Civ.App., 71 S.W.2d 354 (writ ref.); Houston Belt & Terminal Ry. Co. v. Rogers, Tex.Civ.App., 44 S.W.2d 420.

Third: Likewise insufficient are plaintiff's allegations seeking a recovery on ground of attractive nuisance—defendant's failure to make the said trestle safe for children—the negligence alleged in this respect being same as heretofore stated. It has been held as a matter of law that the usual railroad trestle is not per se an attractive nuisance. Williamson v. Gulf C. & S. F. R. Co., 40 Tex.Civ.App. 18, 88 S.W. 279. Moreover, even assuming a situation having the aspect of an attractive nuisance, the asserted dangers incident thereto were open and obvious. There were no allegations of latent or concealed dangers such as to bring the case at hand within the doctrine of attractive nuisance. "An examination of many adjudicated cases decided by the courts of this and other states wherein it has been held that the attractive nuisance doctrine was applicable reveals the fact that, in connection with the maintenance of the condition, appliance, or instrumentality claimed to be especially attractive and inviting to children, there was involved a concealed, hidden, or *latent danger, and not merely one of an obvious or patent character.*" Stimpson v. Bartex Pipe Line Co., 120 Tex. 232, 36 S.W.2d 473, 476 (Emphasis ours). See also Banker v. McLaughlin, 146 Tex. 434, 208 S.W. 2d 843, 8 A.L.R.2d 1231.

Appellant's case has been properly disposed of under summary judgment procedure and the final rendition in consequence must be affirmed.