No. 18,889.

E. R. HAYES, doing business as The Hayes Produce Company, *Appellant,* v. H. C. POSSEHL et al., Partners, etc., *Appellees.*

SYLLABUS BY THE COURT.

1. CONTRACT—*Must be Accepted without Modification.* To constitute a contract the offer made by one party must be accepted by the other without any material modification, and an acceptance on terms varying from those offered is in effect a rejection of the offer and no more than a counter-proposition.

2. SAME—*No Completed Contract.* The correspondence by post and telegraph between the parties herein examined, and it is held that it did not amount to a completed and binding contract.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed June 6, 1914. Affirmed.

D. H. Branaman, of Topeka, for the appellant.
W. B. Lowrance, of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal involves the question of whether or not a contract for the sale of potatoes was made between The Hayes Produce Company and Possehl Brothers. Upon the testimony produced the trial court found that the negotiations between the parties did not constitute a contract, and thereupon The Hayes Produce Company took an appeal.

The existence of the contract must be determined from the correspondence carried on by post and wire

between the parties. On December 11, 1911, appellant wrote appellees asking for quotations on Ohio potatoes, two cars of number 2 and two cars of the best grade, to be shipped after the following January 1. In a telegram dated December 13, 1911, appellees made an offer of "two cars seconds forty-five and two choice eighty-five F. O. B. shipment, Jan. 5th to 10th." On the same date appellant telegraphed "Book two cars small at forty, two cars large Ohio at eighty-five instructions by mail." It will be observed this was not an acceptance of appellees' offer, as the appellant offered forty cents instead of forty-five cents for the small potatoes, and added that he had sent instructions by mail. In the letter which followed confirming the telegram appellant only offered forty cents for the small potatoes and asked appellees to put them in sacks holding 120 pounds net, adding, "Ship us one car ½ large and ½ small about Jan. 15th, weather permitting, and we will then let you know when to ship the other three." This letter changed not only the price, but also modified the quantity to be shipped and made a requirement as to the form of shipment; and, in addition, there was a change as to the time of shipment. It thus appears that there was not an approach even to an unconditional acceptance of appellees' offer. Previous to the receipt of the letter appellees wired that they confirmed the order at the price previously quoted, and on December 16, 1911, wrote appellant that the price of the small potatoes was forty-five cents per bushel, while appellant had only offered forty cents. They also called attention to the fact that the offer was to ship between the 5th and 10th of January, and stated that they did not wish to hold them later at the price quoted. Then it appears that the appellant opened up with a new proposition limiting the proposed purchase to two cars, and in a letter written on December 19, 1911, he said:

"Book us for the 2 cars of small Ohios, as per your letter and wires, if you can't give us booking as per our instructions we will leave the larger ones go and buy

later on.   Believe that we can buy for less, Kansas City
brokers to-day offering them Del. at 103, and 105
per bu."

Instead of meeting appellant's last proposition as
made appellees came back with another proposing to
sell four cars of potatoes, "two cars choice and two cars
small Ohios at $.85 and $.45 per bushel f. o. b. Baker.
If possible, give us shipping instructions on all four of
these cars before Jan. 15th, 1912." It is clear that
there was no meeting of the minds of the parties on the
last proposal of appellant.   Instead of accepting the
identical proposition of appellant as made on December
19, appellees proposed the sale of a larger quantity of
potatoes and introduced a new element—that the de-
livery should be made upon board the cars at Baker,
Minn.   There was another change of terms wherein it
was stated that the shipment should be made on in-
structions to be given by appellant.   It appears that on
January 25, 1912, appellees shipped a carload of pota-
toes to appellant, and there was some complaint that
they were not received in good condition.   A telegram
was sent by appellant to appellees, "Wire agent allow
inspection, will pay draft if not frozen.   When will you
ship balance, answer quick."   In response appellees
telegraphed, "We sold you f o b Baker if you don't
want car advise quick and we will divert."   There is
no complaint now as to this shipment of potatoes,
which was received and paid for, but it is insisted that
there was a completed contract for the sale of other
potatoes which appellees have violated.   We think the
court rightly concluded that the correspondence be-
tween the parties did not complete a definite and bind-
ing agreement.   To make it effective it was necessary
that the offer made by one party should have been
accepted by the other without any material modifica-
tion.   As was said in *Seymour v. Armstrong*, 62 Kan.
720, 64 Pac. 612:

"It is essential, however, that the minds of the con-
tracting parties come to the point of agreement—that
the offer and acceptance coincide; and if they do not

correspond in every material respect there is no acceptance or completed contract." (p. 722.)

The variance in price, in the quantity proposed to be sold, in the conditions and place of delivery, such as are found in this case, must be deemed to be material departures from the offers made, and when a party introduces new elements or accepts on terms varying from the offer it amounts to a refusal of the offer and ends the negotiations. In *Bentz v. Eubanks,* 41 Kan. 28, 20 Pac. 505, it was said:

"An offer by one party assented to by the other will generally constitute a contract, but the assent must comprehend the whole of the proposition. It must be exactly equal to its extent and terms, and must not qualify them by any new matter; therefore a proposal to accept or an acceptance of an offer on terms varying from those proposed amounts to a rejection of the offer." (p. 37.)

(See, also, *Osburn v. Addington,* 91 Kan. 586, 133 Pac. 603; *National Bank v. Hall,* 101 U. S. 43, 25 L. Ed. 822; 35 Cyc. 52.)

The judgment of the district court will be affirmed.