## No. 31,160.

THE BELDEN MANUFACTURING COMPANY, *Appellant,* v. THE CURTISWRIGHT AIRPLANE COMPANY, *Appellee.*

(22 P. 2d 494.)

Opinion filed June 10, 1933.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston, George C. Spradling, Henry V. Gott* and *R. Bowland Ritchie,* all of Wichita, for the appellant.

*Charles G. Yankey, Harvey C. Osborne, John G. Sears, Jr.,* and *Verne M. Laing,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment sustaining a demurrer to plaintiff's petition wherein it sought to state a cause of action for breach of a contract for the purchase of specified quantities of wire used in the construction of airplanes.

The propriety of the trial court's ruling chiefly depends upon the binding force which should be attached to certain written instruments, the first of which was an order dated March 4, 1929, executed by the authorized agent of defendant's predecessor in interest. So far as presently material it reads:

"PURCHASE ORDER.

Travel Air Mfg. Co.,
Manufacturers of Travel-Air Planes.

Order No. 7512, Wichita, Kansas.   Date 3/4 1929.

. . . . . . . . . . . .

*"To Belden Mfg. Co. . . . Chicago, Ill.:*
   "Kindly ship the following goods: . . .
   "Please acknowledge this order and advise approximate shipping date.

. . . . . . . . . . . .

   25,000 feet '# 6 Airspeed' landing light wire at $40.49 M ft.
   60,000 feet '# 16 Airsport' duplex navigation light wire at $26.60 M ft.
   40,000 feet '# 16 Airspeed' single navigation light wire at $10.07 M ft.

"Covering approximate yearly requirement, more or less.

Ship each 2 months   4,000 ft. item 1.
Ship each 2 months 10,000 ft. item 2.
Ship each 2 months   6,500 ft. item 3.

. . . . . . . . . . . .

"THE TRAVEL AIR MANUFACTURING Co.

. . . . . . . . . . . .

"By R. W. EDWARDS."

On March 12, 1929, plaintiff mailed to defendant's predecessor in interest its written acknowledgment of the foregoing order, which in part read:

"ACKNOWLEDGE:

"Belden Manufacturing Company, subject to terms on reverse side.

| Their order No. | Dated. | Date entered by— | As our order No. |
|---|---|---|---|
| 7512 | 3/4/29 | 3/12/29 | B 31333 |

"Sold to: Travel Air Mfg. Company, Wichita, Kansas.

. . . . . . . . . . . .

"This is acknowledgment of your order, as we have entered it, and which is accepted subject to the following terms and conditions whether or not they are at variance with terms appearing in your purchase order.

. . . . . . . . . . . .

"6. On orders for special materials, the right is reserved to ship and bill 10% more or less than the exact quantity specified.

"7. Order not subject to cancellation.

"BELDEN MANUFACTURING COMPANY, Chicago."

These instruments were attached to plaintiff's petition with appropriate references thereto, and it was alleged that in conformity with the contract evidenced by them, between the dates of March 15 and September 3, 1929, inclusive, plaintiff made thirteen shipments of wire to defendant, itemized in the petition and aggregating 58,225 feet of wire, and defendant acknowledged receipt of them.

The petition also alleged that thereafter and on November 16, 1929, defendant requested plaintiff to temporarily discontinue shipments, and thereafter defendant requested plaintiff to cancel the balance of the order or to dispose of part of the merchandise to other parties, and plaintiff did dispose of 7,685 feet of the wire to third parties as requested by defendant, but at no time did plaintiff agree to release defendant from its contract. Plaintiff alleged that it repeatedly tendered the remainder of the merchandise contracted for, to wit, 61,860 feet of wire, and repeatedly requested instructions in respect thereto but without avail; and that defendant has repeatedly refused and still refuses to accept the balance of merchandise due under its contract.

Plaintiff also alleged that the contract price of the undelivered wire was $2,007.08; that the market value of the same at the time this action was begun was $108.83, and that plaintiff's damage for breach of the contract was $1,898.25, for which sum and interest it prayed judgment.

The petition also contained certain allegations touching the intention of the parties and prayed reformation of the contract in conformity therewith, but that detail may require no consideration in view of what will presently appear.

The trial court sustained defendant's demurrer to plaintiff's petition, giving its reasons therefor as follows:

"That the written memorandum pleaded by plaintiff constitutes a requirement order, and is further of the opinion that the facts pleaded are not sufficient to entitle plaintiff to the relief prayed for."

This ruling is assigned as error.

In its scrutiny of the instruments constituting the alleged contract, the trial court concluded that the first of these instruments was no more than a so-called requirement order, by which it appar-

ently meant that it was only an order for so much of the aggregate amount of wire specified therein as defendant might require in its business of building airplanes; that the order was merely an approximation of its requirements, which might vary from its text to any extent. The order did explain or qualify the specified amounts of the various kinds of wire by the words "Covering approximate yearly requirement, more or less." Whether this addendum to the specified amounts of wire could be given such potent significance as to reduce the size of the order by one-half if it had been accepted by plaintiff may be doubted but need not be decided.

The order required that it be acknowledged. Plaintiff did acknowledge it, but only upon the qualified terms dictated by itself. Those of present significance were that plaintiff might vary the quantity to be supplied as much as 10 per cent from the specified items of the order, and it also imposed the important condition that the order was not to be subject to cancellation. The legal effect of plaintiff's written acknowledgment was not that of an unqualified acceptance of defendant's order, but merely that of a counter-offer which, in turn, the defendant had a right to accept or reject as it saw fit. (*Hayes v. Possehl*, 92 Kan. 609, 141 Pac. 559; Contracts, Restatement, A. L. I., § 60.)

The petition also alleged that at various times between March 15 and September 3 some thirteen shipments of wire were made by plaintiff and accepted and paid for by defendant; that in November, 1929, defendant requested plaintiff to postpone further shipments, and eventually defendant requested plaintiff to cancel the balance of the order. These allegations, which must be regarded as facts for the purpose of the demurrer, show that plaintiff's counter-offer of March 12 was accepted by defendant. (Contracts, Restatement, A. L. I., §§ 29, 63, 72.)

It is therefore apparent that a binding contract was entered into between the parties, and as its terms were not ambiguous, they were in no need of reformation. The contract by its proposed and accepted terms was "not subject to cancellation."

It follows that the judgment of the district court was erroneous, and the cause must be remanded with instructions to set aside its ruling on the demurrer, and for further proceedings consistent therewith.

Reversed and remanded.