Georg **PFEIFFER**, as Trustee in Bankruptcy of European & Overseas Trading Company, G.m.b.H., Plaintiff,

v.

Walter B. **FRANK**, Franex Overseas Trading Corp., and Albumina Supply Co., Inc., Defendants.

United States District Court
S. D. New York.
Dec. 29, 1955.

Adolf Hamburger, New York City, for plaintiff, Jacob S. Chalat and Fritz Weinschenk, New York City, of counsel.

Weinshenker & Kenner, New York City, for defendants Louis J. Weinshenker, New York City, of counsel.

HERLANDS, District Judge.

This motion by defendants is based upon both F.R.C.P. Rule 12(b) (6) and Rule 56, 28 U.S.C.A. The motion, in so far as it is based upon Rule 12(b) (6), is denied upon the authority of Dioguardi v. Durning, 2 Cir., 1944, 139 F. 2d 774. See Field and Kaplan, Materials for a Basic Course in Civil Procedure (1953), Note at 391–392.

That branch of defendants' motion which is predicated upon Rule 56 is likewise denied.

An analysis of the complaint and the motion papers submitted in behalf of both sides demonstrates that there is a triable issue of fact with respect to the existence of a memorandum sufficient to satisfy the Statute of Frauds. This genuine and bona fide issue should not be disposed of on a motion for summary judgment. Similarly, the issue involving the alleged waiver of the right to proceed by way of arbitration pursuant to the alleged contract cannot be determined summarily in advance of a trial. Plaintiff is entitled to his day in court and to the opportunity to conduct such pre-trial discovery as may be appropriate.

The fact that the opposing affidavits are not based entirely upon personal knowledge is not justification for granting summary judgment, in view of the circumstances disclosed. See opinion of Frank, Circuit Judge, in Alvado v. General Motors Corporation, 2 Cir., 229 F.2d 408.

Motion denied.