**BECKER–LEHMANN, INC., Plaintiff,**

v.

**The FIRESTONE TIRE AND RUBBER COMPANY, a corporation, the Texas Company, a corporation, Shell Oil Company, a corporation, Continental Oil Company, a corporation, and Sunray Mid-Continent Oil Company, a corporation, Defendants.**

No. 58 C 364(2).

United States District Court
E. D. Missouri, E. D.
May 28, 1959.

Mortimer A. Rosecan, St. Louis, Mo., for plaintiff Becker-Lehmann, Inc.

John H. Lashly and Paul B. Rava, of Lashly, Lashly & Miller, St. Louis, Mo., for defendant Firestone Tire & Rubber Co.

Richard P. Conerly, of Thompson, Mitchell, Thompson & Douglas, St. Louis, Mo., Amzy B. Steed, New York City, for defendant Texas Co.

Richard P. Conerly, of Thompson, Mitchell, Thompson & Douglas, St. Louis, Mo., William Simon, Washington, D. C., for defendant Shell Oil Co.

Nelson W. Hartman, of Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, Mo., for defendant Continental Oil Co.

Richard P. Conerly, of Thompson, Mitchell, Thompson & Douglas, St. Louis, Mo., J. P. Greve, Tulsa, Okl., for defendant Sunray Mid-Continent Oil Co.

HARPER, District Judge.

This is an action for treble damages brought by Becker-Lehmann, Inc., against the Firestone Tire and Rubber Company, and four oil companies, The Texas Company, Shell Oil Company, Continental Oil Company, and Sunray Mid-Continent Oil Company. The complaint charges violation of the Sherman Act, 15 U.S.C.A. §§ 1 and 2, and the Robinson-Patman Act, 15 U.S.C.A. § 13 (a), (c), (d), (e), and (f). The defendant oil companies filed joint motions for summary judgment and joint motions to dismiss. Firestone filed similar motions separately.

The plaintiff, Becker-Lehmann, Inc., was until about July 15, 1958, a corporation selling truck and automobile tires, batteries, and accessories in the St. Louis area. They dealt, though not exclusively, in Firestone brand products, selling at wholesale and retail.

The defendant oil companies have each filed affidavits in support of their motions which include a copy of a separate agreement between each oil company and operators of service stations selling their petroleum products, and a copy of the separate agreement between each oil company and Firestone. Also included in the affidavits is a copy of the agreements, similar to the Firestone-Oil Company agreements, between each defendant oil company and either the B. F. Goodrich Company, or the Goodyear Tire and Rubber Company. The provisions of these agreements between the oil companies and the tire and rubber manufacturers are substantially the same, the oil companies agreeing to promote and aid the tire manufacturers in selling their products to the service station operators in return for a commission ranging up to 10% of the sales to their service station operators. The affidavits state that the appended agreements are the only contracts between Firestone and the oil companies and that there is no agreement whatsoever between any of the defendant oil companies and their respective service station operators pertaining to the sale of tires, batteries and accessories. The deposition of Mr. Benjamin Tepper, President and owner of a 25% interest in the plaintiff corporation, was taken. Mr. Katz, past president and owner of the remaining 75% interest was present and it was stipulated that were he asked the same questions that were asked of Mr. Tepper, he would give the same answer or would say he did not know the answer to the question.

Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., under which the motions for summary judgment are filed, provides in pertinent part that " * * * the [summary] judgment * * * shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue [of] material fact and that the moving party is entitled to a judgment as a matter of law. * * *" In Durasteel Company v. Great Lakes Steel Corporation, 8 Cir., 205 F.2d 438, at page 441, the court said:

"If it is made clearly to appear on such a motion that even though there is an issue under the pleadings there is in fact no dispute as to the controlling material facts, then the

## 516

court should enter summary judgment."

The deposition of Mr. Tepper shows that the plaintiff does not have any documents or written evidence, no personal knowledge, or any credible second-hand knowledge of a conspiracy to restrain or monopolize trade. Mr. Tepper's conversations with other tire dealers in the St. Louis area refer to a "bad deal Firestone had handed the plaintiff. Tepper's deposition also shows, among other things, (1) that contrary to the allegation in paragraph 6(c) of the complaint that the oil companies require their service station operators to sell Firestone products, plaintiff was aware many of the stations sold brands of tires, batteries and accessories other than those of Firestone; (2) that there was strong competition for the service station accounts among the plaintiff and the distributors of other brands of tires, and other independent Firestone distributors; (3) that the plaintiff stocked a competing brand of tires; and (4) that Firestone was willing to and did open several new independent distributors of their products during the period encompassed by the complaint. Paragraphs 14 and 15 of the complaint, under the heading of "MONOPOLY", charge that the contracts and agreements between Firestone and the oil companies have " * * * substantially lessened competition and/or have tended to create a monopoly * * *." These are the same contracts, agreements and understandings on which the plaintiff bases the charge of conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C.A. § 1, and this is the same "conspiracy" of which the plaintiff has no knowledge or credible evidence, and which the affidavits and deposition on file refute. The bare statement in the complaint alleging violations of the Sherman Act are not sufficient to withstand a motion for summary judgment which is supported by the affidavits and by the deposition. Marion County Cooperative Ass'n v. Carnation Company, 8 Cir., 214 F.2d 557. Also applicable to the case at bar is the statement in Moore's Fed.Prac. (2d ed.) Vol. 6, par. 56.11(3), p. 2067:

"Where on the basis of the materials presented by his affidavits the movant would be entitled to a directed verdict and the opposing party fails either to offer counter-affidavits or other material that raise a credible issue or to show that he has evidence not then available, summary judgment may be rendered for the moving party."

Absent the oil companies from the alleged conspiracy, the charge fails against Firestone. A conspiracy or combination, whether to restrain trade or create a monopoly, requires at least two parties. Nelson Radio & Supply Co. Inc. v. Motorola, Inc., 5 Cir., 200 F.2d 911, 914; Mackey v. Sears Roebuck & Co., 7 Cir., 237 F.2d 869, 873.

Opposing the motions for summary judgment, plaintiff argues it " * * * should be entitled to an opportunity for pre-trial discovery and its day in court", citing Pfeiffer v. Frank, 19 F.R.D. 15, S.D.N.Y.1955. The reliance appears ill-placed because in that case the statement was made by the court after it had found there was a triable issue as to whether one party had waived a right to proceed by arbitration and it is not authoritative for the proposition that a party to a lawsuit need only file a complaint to obtain a right to pre-trial discovery for the purpose of trying to find a genuine issue of material fact that could be disputed.

The plaintiff conceded that it has no claim against the defendant oil companies under Section 2(a), (d), (e) or (f) of the Robinson-Patman Act. Plaintiff maintains it has a claim against the oil companies for violation of Section 2(c), 15 U.S.C.A. § 13(c). Employing some of the language of Section 2(c), paragraph 9(n) of the complaint, fully set out below, alleges a discrimination against the plaintiff as follows:

"(n) By paying and granting to the defendant Oil Companies commissions, brokerages, compensations,

allowances and discounts in lieu thereof without said defendants having rendered any services in connection with the sale or purchase of the said Firestone brand products by the gasoline service stations of the defendant Oil Companies."

The circuitous arguments of the plaintiff on this point are difficult to follow but it appears that the oil companies did render services in connection with the sale or purchase of the Firestone products by their service stations. Plaintiff argued strenuously that when the defendant oil companies train and provide personnel to promote the sale of Firestone products, and provide other promotional services, they are passing something of value on to their operators which the operators of competing oil company service stations do not receive. It was these promotional services that the defendant oil companies contracted to render for Firestone. If, as the plaintiff argues, the service stations of the defendant oil companies are put in a better competitive position to sell tires than are service stations of other oil companies, it is difficult to see wherein the plaintiff has cause to complain. Tepper testified that about 75% of plaintiff's entire volume of passenger car tires were sold to service station accounts, and the service stations of the defendant oil companies made up about 90% or 95% of the plaintiff's service station business.

The charge that Firestone discriminated in favor of The Suburban Tire Company was not touched upon in any of the affidavits. The deposition of Mr. Tepper, which was taken on behalf of two of the defendant oil companies, does not show that the alleged discriminations are non-existent. Firestone has chosen to support its motion for summary judgment on the grounds that even if they have discriminated against the plaintiff, it cannot recover because it can-

not show that it has suffered any damages as a proximate result of the conduct of any one defendant. Proof that Firestone illegally discriminated in price in favor of The Suburban Tire Company would be sufficient in itself to show some damage to the plaintiff. As appears in Bruce's Juices v. American Can Co., 330 U.S. 743, at page 757, 67 S.Ct. 1015, 1021, 91 L.Ed. 1219:

" * * * If the prices are illegally discriminatory, petitioner has been damaged, in the absence of extraordinary circumstances, at least in the amount of that discrimination."

The Eighth Circuit case of American Can Co. v. Russellville Canning Company, 191 F.2d 38, is in accord although "extraordinary circumstances" not shown to exist in the case at bar were found to be present in that case.

The joint motion of defendant oil companies for summary judgment is sustained. In view of this ruling it is not necessary to pass on the motions to dismiss with respect to the oil companies.

The motion of defendant, The Firestone Tire & Rubber Company, for summary judgment is sustained as to the charge of conspiracy in violation of Section 1 of the Sherman Act and as to the charge of conspiracy to monopolize under Section 2 of the Sherman Act. In view of this ruling it is not necessary to pass on the motion of defendant Firestone to dismiss with respect to Sections 1 and 2 of the Sherman Act.

The motion of defendant, The Firestone Tire & Rubber Company, for summary judgment and to dismiss the complaint is denied insofar as directed to the alleged violations of the Robinson-Patman Act.

Attorneys for the defendants will prepare the proper orders to be entered by the court and submit same to the court for entry.